Filed 12/3/13  P. v. Toucher CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH DUANE TOCHER,<br><br>    Defendant and Appellant. | C073984<br><br>(Super. Ct. No. 62115015) |

Appointed counsel for defendant Kenneth Duane Tocher asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Because the matter was resolved by plea and defendant waived referral to the probation department, the facts are taken from the prosecutor's statement of factual basis for the plea. In July 2012, defendant knowingly and intentionally possessed property that had been stolen from a Placer County retailer, and knowingly possessed a usable amount of methamphetamine, knowing the substance to be methamphetamine.

After his *Marsden*[1] motion was denied, defendant pleaded no contest to receiving stolen property (Pen. Code, § 496, subd. (a))[2] and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in exchange for dismissal of three other counts and an unrelated case.

The trial court sentenced defendant to the stipulated term of two years in jail, awarded 11 days of custody credit and 10 days of conduct credit, and ordered defendant to pay a $240 restitution fine (§ 1202.4), a $240 parole revocation fine (§ 1202.45), an $80 court operations fee (§ 1465.8, subd. (a)(1)), and a $60 court facilities assessment (Gov. Code, § 70373).

Defendant's motion to withdraw his plea was dropped. Defendant obtained a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing the opening brief, and defendant filed a supplemental brief raising various issues, which we address in turn.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2] Undesignated statutory references are to the Penal Code.

2

## A

Defendant contends his trial counsel rendered ineffective assistance. In this Placer County case, he pleaded no contest to receiving stolen property. But he claims his defense counsel should have informed the trial court that "if [he] would plea to misdemeanor embezzlement" in another Sacramento County case involving the same property as in this case, Placer County could not charge him with felony receiving stolen property, thus preserving his eligibility for treatment under Proposition 36. (§ 1210.1.) In another paragraph he adds that he was deprived of his right to plead in Sacramento County to misdemeanor embezzlement as a lesser offense so that Placer County would lose jurisdiction, enabling him to be eligible for treatment under Proposition 36.

The record on appeal does not explain the reasons for the forum choices made by the parties, but it does confirm that such choices were made. The prosecutor said that as part of the plea agreement, the People would notify Sacramento County of defendant's plea to receiving stolen property in this case and recommend dismissal of the pending misdemeanor embezzlement charge in Sacramento County.

Defendant's trial counsel was never asked to explain the reasoning for the agreement, and the record does not demonstrate that there could be no satisfactory explanation. Our review of the record does not disclose that trial counsel was ineffective.

## B

Defendant next claims the trial court erred in denying his *Marsden* motion. At the *Marsden* hearing, defendant said his trial counsel whispered in his ear during a court proceeding that it " 'wasn't wise to complain against your lawyer.' " Defendant took the remark to mean that counsel was not acting in defendant's best interest. But the trial court found that defense counsel had worked very hard for defendant and obtained an offer that defendant was willing to accept. The trial court said there was no basis to replace counsel.

Defendant further complains that his trial counsel said "I'm done with you." However, defendant did not mention the remark during the *Marsden* hearing, when he had the opportunity to reveal what his attorney may have said to him.

We have reviewed the record and we have not identified any error by the trial court in connection with the *Marsden* motion.

## C

Defendant claims that every time he tried to assert the alleged facts referenced in parts A and B, *ante*, he was told to shut up. But he does not say who told him to shut up. The record does not disclose any such statement. However, if defendant is alleging that his trial attorney made such a statement, counsel was not asked to explain the remarks, and there could be a satisfactory explanation. Again, our review of the record does not disclose ineffective assistance.

## D

Defendant contends he made a plea to go to "behavioral court" and he was evaluated. According to defendant, the court said it was apparent defendant had mental health issues. Defendant says that is where "it stopped." He adds that "for some reason Placer County Superior Court never entertained this request."

The record does not mention behavioral court or shed any light on defendant's contention. No error appears in the record.

## E

Defendant asks this court to relieve his appointed appellate counsel and to substitute defendant in propria persona. However, defendant offers no reason for the request and none appears in the record. Accordingly, defendant's request to relieve appellate counsel is denied.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                                        MAURO            , J.


We concur:


             RAYE            , P. J.


            DUARTE          , J.